Lynn S. Walsh, OSB #924955
email: walsh@europa.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

Thomas Zito, *Application for admission Pro Hac Vice pending*
email: tzito@dralegal.org
Shira Tevah, *Application for admission Pro Hac Vice pending*
email: stevah@dralegal.org
Disability Rights Advocates
2001 Center St., 4th Floor
Berkeley, California 94704
Telephone:(510) 665-8644

Torie Atkinson, *Application for admission Pro Hac Vice pending*
email: tatkinson@dralegal.org
Disability Rights Advocates
655 Third Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 644-8644

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DONALD TERRILL, *individually, and on behalf of a class of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OREGON and COLETTE PETERS, in her official capacity as Director of the Oregon Department of Corrections,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT<br>Americans with Disabilities Act (42 U.S.C. 12101 et seq.); Rehabilitation Act (42 U.S.C. 794); Declaratory and Injunctive Relief, and Damages<br><br>DEMAND FOR JURY TRIAL |

Page 1    CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

Plaintiff and class members are people with disabilities incarcerated in Oregon Department of Corrections (ODOC) facilities. Plaintiff seeks injunctive and declaratory relief from ODOC's discriminatory administrative rules and practices which require people with disabilities to pay for the durable medical equipment and/or healthcare appliances necessary for them to access the programs and services of the prisons. Plaintiff and class members further seek reimbursement for amounts wrongfully taken from their inmate trust accounts as garnishment for their disability-related accommodations.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. 12101 et seq., and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Donald Terrill is an adult in custody currently residing at Snake River Correctional Institution (SRCI) in Malheur County, Oregon.

4. Defendant State of Oregon operates the Oregon Department of Corrections (ODOC) facilities. At all times relevant, the State of Oregon is obligated to accommodate people with disabilities lodged in its facilities.

5. Defendant Collette Peters is the Director of ODOC. At all material times she was acting

Page 2            CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

under color of law. She is sued in her official capacity. Her office is in Salem, Marion County, Oregon.

## FACTUAL ALLEGATIONS

6.  Mr. Terrill has a lower leg amputation. He requires a prosthetic leg in order to walk and to access all aspects of ODOC's facilities, such as meals, classes, recreation, the law library, and call outs.

7.  He received his first prosthesis at ODOC in May 2013.

8.  Ever since May 2013, ODOC has been garnishing Mr. Terrill's trust account to pay for the prosthesis.

9.  According to the ODOC inmate trust account documents, Mr. Terrill has paid approximately $10,675 towards the cost of his prosthesis.

10. According to the ODOC inmate trust account documents, Mr. Terrill still owes approximately $14,415 for the prosthesis.

11. Charges for a prosthesis are covered in Oregon Administrative Rules (OAR) 291-124-0085 – **Charges for Elective Care or Treatment**. ODOC Health Services considers orthoses, protheses, and other mechanical aids to be "elective" devices when they are "not essential to prevent significant deterioration in the health of the AIC but are nevertheless reasonably expected to significantly improve the quality of life,"— OAR 291-124-0085(2)(b)—in other words, when they are accommodations that people with disabilities require in order to have equal access to the prison's programs, activities, and services.

12. Because ODOC Health Services considers a prosthesis that is a disability accommodation to be an "elective" device, it requires the person to pre-pay for the item, or incur indebtedness to

Page 3   CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

obtain the item, assuming ODOC Health Services approves the device. OAR 291-124-0085(2)(d). There is no provision regarding waiver of costs for indigent people.

13.     Therefore, a person requiring an artificial limb in order to walk must pre-pay or incur significant debt in order to access the prison facility and all of its programs and services.

14.     On the other hand, OAR 291-124-0085(2)(a) does not require a person to pay for medical aids used for short term or acute medical conditions.

15.     ODOC personnel were put on active or constructive notice that OAR 291-124-0085 was discriminatory and in violation of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act or § 504) in the lawsuits of *Brown v. State of Oregon et al.*, District of Oregon Case No. 3:19-cv-01048-MO, Docket #13, First Amended Complaint, paragraphs 17-20 and 44; and *Wiese v. State of Oregon et al.*, District of Oregon Case No. 6:20-00864-MK, Docket #1, Complaint, paragraph 34.

16.     Even though both the *Brown* and *Wiese* cases settled in 2020, ODOC continued to dock trust accounts of people with disabilities for their accommodations in the form of mechanical aids.

17.     Upon information and belief, after the lawsuits mentioned in paragraphs 15-16, ODOC personnel took to writing some new Administrative Rules in order to better comply with the ADA. Yet, it appears there were no changes made to OAR 291-124-0085, and ODOC continues to dock the trust accounts of people with disabilities for their medical devices.

18.     At least one other state, California, abandoned the practice of charging people with disabilities, indigent or otherwise, for their durable medical equipment or healthcare appliances several years ago. See Cal. Code Regs. tit. 15 § 3999.395 ("Appliances include, but are not

Page 4     CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

limited to, eyeglasses, artificial eyes, dental prosthesis, artificial limbs, orthopedic braces and shoes, and hearing aids. . . . [P]rescribed appliances shall be provided at state expense.")

19. Having to pay for his prosthetic limb places Mr. Terrill at a severe economic disadvantage as follows:

   a. People who are incarcerated must use their own funds in order to procure necessary and non-necessary items. Examples of items that people who are incarcerated can procure from the prison commissary are toothpaste, soap, shampoo, athletic shoes, underwear, TVs, music players, art supplies, books, magazines, snacks, coffee, envelopes, paper, postage, and other health and/or comfort items. According to a 2019 Oregonlive article, men who are incarcerated spend an average of $22.35 a week on commissary items. It costs people who are incarcerated significant funds to correspond with friends and family such as making phone or video calls (all phone calls cost money, even if local). People who are incarcerated also use their own funds to accrue money to live on once released (transitional fund). This gives people who are incarcerated some breathing room to find jobs and housing before ending up on the streets.

   b. People who are incarcerated do not make minimum wage. Mr. Terrill has a job and currently makes approximately $45 per month. By statute (ORS 423.105), 10% of his money goes to court ordered financial obligations ($4.50), and 5% goes to his transitional fund ($2.25). Per Oregon Administrative Rules, Mr. Terrill gets the remaining ½ of the funds, $19.125, while the remaining $19.125 goes to pay for his prosthetic leg. Should a family member place money on his books, the administrative rules allow ODOC to take any amounts exceeding $40 (including wages) per month.

Page 5        CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

Likewise, Mr. Terrill cannot save money because ODOC will take any funds remaining on his books at the end of the month. The practical effect on Mr. Terrill is that there is no point in having money on his books that exceed his wages, because ODOC will take it all. Therefore, he has less than $5 per week to spend on commissary, far less than the average person who is incarcerated as described in the previous paragraph, and he cannot accrue funds to pay for more expensive items such as headphones or decent athletic shoes.

20. On January 7, 2021, ODOC made the usual deduction from Mr. Terrill's account for partial payment of his prosthesis. Mr. Terrill filed a discrimination complaint on January 18, 2021 where he listed the incident as "January 7, 2021 Account deduction violation" and stated as follows:

> " . . . in light of 28 CFR Section 35.130(f)[,][sic] Oregon Administrative Rule OAR 291-124-0085(2) requirement that I pay in full for my prosthesis subjects me to unlawful discrimination on the basis of my disability.
>
> 28 CFR 35.130(f) clearly prohibits public entities such as the Oregon Department of Correction (ODOC) from placing a surcharge (i.e.) requiring that I pay in full [for][sic] a prosthesis[.][sic]  I need to receive nondiscriminatory treatment.
>
> Moreover, the practical effect of OAR 291-124-0085(2) is to deny me the opportunity to benefit from the aid and benefit afforded other adult-in-custody (AIC) by requiring me – but not all AIC to pay in full [for] [sic] my medical aid. 28 CFR section 35.150(b)(1)(ii) prohibits such action.

Mr. Terrill's discrimination complaint also lists how other provisions of the rule are discriminatory. He concludes: "Stop charging me a surcharge, i.e, requiring me to pay in full for my prosthesis; return all money I have paid for my prosthesis since my incarceration."

21. Apparently, the person who responded failed to read or understand the complaint. The

Page 6  CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

response was as follows:

A discrimination complaint must include a complete description of the incident, action, or application of rule that directly impacted the submitting AIC and how the AIC believes it has subjected them to discrimination on the basis of race, color, national origin, reliegion [sic], gender, sex, sexual orientation, marital status, age disability or familial statuts [sic].  Your complaint lacks information to support your claim.

22.     The discrimination complaint response further stated, "A denied discrimination complaint is not subject to further review or appeal."

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated individuals.

24.     The class that Plaintiff seeks to represent is defined as all people with disabilities currently and formerly in the custody of the Oregon Department of Corrections, who have been charged for durable medical equipment (DME) and/or healthcare appliances constituting disability accommodations including but not limited to prostheses, orthotics, necessary footwear, and hearing aids pursuant to Oregon Administrative Rules (OAR) 291-124-0085.

25.     This action is properly maintainable as a class action for the following reasons:

  a.    The Class is so numerous that joinder of all members is impracticable.  It is estimated that there may be more than 1,000 members of the proposed Class; and

  b.    There are common questions of law and fact which predominate over questions only affecting individual Class members; specifically, whether plaintiff and class members were charged for durable medical equipment and/or healthcare appliances in violation of the ADA and/or Rehabilitation Act.

26.     The Plaintiff's claims are typical of the claims of the other members of the Class in that

Page 7     CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

all members of the Class have been and will be damaged by the Defendants' actions.

27.     The named Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel to do so.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.     In enacting OAR 291-124-0085 and enforcing it in a discriminatory manner against Plaintiff and Class members, refusing to stop enforcing the Rule, and continuing to charge Plaintiff and Class members for DME and/or healthcare appliances, Defendants have acted in a manner generally applicable to the entire Class such that final injunctive relief and declaratory relief are appropriate for the Class as a whole.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants, and adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of other members of the Class not party to those adjudications and would substantially impair or impede the ability of non-party Class members to protect their interests.

30.     A class action is superior to other methods for the fair and efficient adjudication of the controversy because Class members may have an individual interest that is too small for them to commence as an individual action.

## CLAIM FOR RELIEF

**(Americans with Disability Act 42 U.S.C. 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 – Defendant State of Oregon)**

31.     Plaintiff realleges paragraphs 1-30.

Page 8     CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

32.     Mr. Terrill brings this claim on behalf of himself and all persons similarly situated.

33.     The prisons comprising the Oregon Department of Corrections have been recipients of federal funds and are thus covered by § 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, programs, activities, and services, and reasonably modify such facilities, services and programs to accomplish this purpose.

34.     The prisons comprising the Oregon Department of Corrections are public entities within the meaning of Title II of the ADA, and provide programs, services or activities to the general public. Title II of the ADA has essentially the same mandate as § 504.

35.     Plaintiff and class members are qualified individuals within the meaning of the ADA and meet the essential eligibility requirements for the receipt of the services, programs, or activities of ODOC. Specifically, plaintiff and class members have disabilities that "substantially limit one or more major life activities," including but not limited to the general life activities of standing, walking, hearing, and other activities of daily living.

36.      The Oregon Department of Corrections provides programs and services for § 504 and ADA purposes to people who are incarcerated, including but not limited to housing, meals, medical and mental health treatment, recreation, and work and educational programs.

37.     Under the ADA and Rehabilitation Act, the Oregon Department of Corrections is required to accommodate people with disabilities in a manner which allows them to participate in the same programs, services, and activities as non-disabled people.

38.     Plaintiff and Class members need their durable medical equipment and/or healthcare appliances as reasonable accommodations in order to participate in the programs, services, and

Page 9            CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

activities of the prison; including, for example, working, recreation, exercise, classes and other programs and services.  Their needs for durable medical equipment in order to have comparable access to these programs, services, and activities as non-disabled people are well documented and obvious.

39. ODOC personnel have been and continue to be deliberately indifferent to Plaintiff and Class members by requiring them to pay for their durable medical equipment and/or healthcare appliances in violation of the ADA and Rehabilitation Act as follows:

    a. ADA regulations, under the general prohibitions against discrimination, clearly forbid placing surcharges on durable medical equipment necessary for people with disabilities to access prison programs, services, and activities.  28 CFR 35.130(f).

    b. The OAR 291-124-0085 requirement that a person pay for their own durable medical equipment and/or healthcare appliances that constitute disability accommodations amounts to a surcharge as follows:

        i. In ODOC prisons, people without disabilities do not have to pay any fee or charges to access yard, go to chow, attend programming or otherwise be incarcerated.  Yet, people who have disabilities must expend considerable funds to access the same programs, services, and activities.

        ii. In ODOC prisons, people without disabilities have access to durable medical equipment and/or healthcare appliances without charge.  Yet, people who have disabilities must expend considerable funds for the same or similar equipment.

    c. In addition, OAR 291-124-0085 violates the following federal ADA regulations:

Page 10     CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

   i. 28 CFR §35.150(b)(1)(ii), which requires a public entity to provide a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is equal to that afforded others;

   ii. 28 CFR §35.150(b)(1)(iv), which requires a public entity to provide a qualified individual with a disability the same aids, benefits, or services that are provided to others; and

   iii. 28 CFR §35.150(1)(vii), which requires a public entity to provide a qualified individual with a disability the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

40. As a direct and proximate result of the ODOC administrative rule, defendant State of Oregon discriminates against Plaintiff and Class members on the basis of their disability in violation of the Americans with Disabilities Act and Rehabilitation Act.

41. Accordingly, Plaintiff and Class members are entitled to judgment against the State of Oregon for any amounts they have paid towards durable medical equipment and/or healthcare appliances in violation of 42 U.S.C. § 12101 et seq. and §504 of the Rehabilitation Act, and for attorney fees and costs pursuant to 42 U.S.C. §§ 12205 and 29 USC §794a.

## DECLARATORY RELIEF

42. Defendant State of Oregon's practice of charging for durable medical equipment and/or healthcare appliances constituting disability accommodations for people with disabilities is ongoing and continues to violate Plaintiff and Class members' rights under the Americans with Disability Act and Rehabilitation Act as alleged above.

43. Plaintiff and Class members seek declaratory relief that OAR 291-124-0085 violates the

Page 11  CLASS ACTION COMPLAINT  LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

Americans with Disabilities Act and Rehabilitation Act.

## INJUNCTIVE RELIEF

44.     Plaintiff and Class members seek injunctive relief against Ms. Peters in her official capacity requiring ODOC to cease the practice of charging people with disabilities for any durable medical equipment and/or healthcare appliance in violation of the Americans with Disabilities Act and Rehabilitation Act.

WHEREFORE, Plaintiff prays for relief as follows:

a.      That the Court certify the proposed Class and allow this case to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.      That Plaintiff and the Class receive judgment against the Defendants for all amounts they have paid towards their durable medical equipment and/or healthcare appliances constituting disability accommodations;

c.      For a judgment of declaratory and injunctive relief declaring which portions of OAR 291-124-0085 violate federal law and preventing Defendants from continuing to enforce the illegal provisions;

b.      For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §12205 and 29 USC §794a; and

d.  For such other and further relief as may appear just and appropriate.

DATED:  4/20/2021

                                  /s/ Lynn S. Walsh
                                Lynn S. Walsh, OSB #92495
                                (503)790-2772
                                Attorney for Plaintiff

Page 12     CLASS ACTION COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com