ELLEN F. ROSENBLUM
Attorney General
VANESSA NORDYKE #084339
Senior Assistant Attorney General
ABIGAIL FALLON #183364
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Vanessa.A.Nordyke@doj.state.or.us
           Abigail.Fallon@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONALD TERRILL, individually, and on behalf of a class of others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>STATE OF OREGON, and COLETTE PETERS, in her official capacity as Director of the Oregon Department of Corrections,<br><br>     Defendants. | Case No. 6:21-cv-00588-AA<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES<br><br>**JURY TRIAL DEMANDED** |

Defendants State of Oregon and Colette Peters (collectively referred to as "Defendants") hereby submit this Answer and Affirmative Defenses to Plaintiff's Complaint and admit, deny, and allege as follows:

1.

With respect to the opening unnumbered paragraph, Defendants admit that Plaintiff is a person with a disability and is incarcerated in an Oregon Department of Corrections ("ODOC") facility. Defendants deny that a class action is proper. Defendants deny the remaining allegations in that paragraph and deny that any injunctive, declaratory, or monetary relief should be awarded.

2.

With respect to paragraph 1, Defendants admit the Court has subject-matter jurisdiction over Plaintiff's claim.

3.

In response to paragraph 2, Defendants admit that venue is proper in the District of Oregon and deny the remaining allegations.

4.

With respect to paragraphs 3-5, Defendants admit that Plaintiff is an Adult in Custody ("AIC") in the custody of ODOC housed at Snake River Correctional Institution. Defendants admit that Defendant Collette Peters is the Director of ODOC, was acting under color of law at all material times, and has an office in Salem, Marion County, Oregon. Defendants deny any remaining factual allegations.

5.

With respect to paragraph 6, Defendants admit that Plaintiff has a lower leg amputation. Defendants deny the remaining allegations.

6.

With respect to paragraphs 7-10, Defendants admit that ODOC authorized Plaintiff to purchase a prosthetic leg, and that he received a prosthetic leg in approximately May 2013.

Defendants admit that ODOC authorized Plaintiff to incur debt totaling $25,089.91 relating to the acquisition and maintenance of the prosthetic leg. Defendants admit that ODOC collects from Plaintiff's trust account to reimburse ODOC for those purchase costs, and that ODOC has collected a total of $10,738.79 (as of April 23, 2021), leaving an outstanding balance or debt of $14,351.12. Defendants deny the remaining allegations in paragraphs 7-10.

7.

With respect to the allegations in paragraphs 11, Plaintiff only asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

8.

With respect to paragraphs 12-13, Defendants deny the allegations.

9.

With respect to paragraph 14, Plaintiff only asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.

With respect to paragraphs 15-17, Plaintiff admits that the lawsuits occurred and settled in 2020. Defendants deny the remaining allegations.

11.

With respect to paragraph 18, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

12.

With respect to paragraph 19, Defendants deny that ODOC required Plaintiff to purchase a prosthetic limb or ODOC placed Plaintiff at a "severe economic disadvantage." With respect to

Page 3 -   ANSWER TO COMPLAINT

subparagraph 19a, Defendants admit that incarcerated persons may purchase certain items from prison commissaries, and that incarcerated persons with a possibility of release or parole may accumulate funds in a "transitional fund" the help facilitate transition upon release. Defendants deny the remaining allegations in subparagraph 19a. With respect to subparagraph 19b, Defendants deny that Plaintiff is an employee or subject to minimum-wage law. Defendants remaining allegations only assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations.

13.

Defendants admit paragraphs 20-22 except to deny the allegations in Plaintiff's discrimination complaint and the allegation that the person who responded to the discrimination complaint failed to read or understand it.

14.

With respect to paragraphs 23-30, Defendants deny that class certification is appropriate and deny the remainder of paragraphs 23-30.

15.

With respect to paragraph 31, Defendants reincorporate the responses provided to Paragraphs 1-30, as described above.

16.

With respect to paragraphs 32-37, Defendants admit that Plaintiff is seeking class certification as alleged in the complaint, that Plaintiff is an individual with a disability for purposes of the Americans with Disabilities Act ("ADA"), that Plaintiff is an incarcerated person who may participate in programs, services, and activities ODOC provides, if eligible, and that ODOC receives some federal funds. The remainder of the assertions in those paragraphs include

legal arguments and conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny the remaining allegations.

17.

With respect to paragraphs 38-41, Defendants deny the allegations.

18.

Defendants deny that Plaintiff is entitled to the relief sought.

19.

Except as expressly admitted above, Defendants deny each and every allegation of Plaintiff's complaint.

20.

The affirmative defenses below each incorporate the admissions, denials, and allegations set forth above.

21.

Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE:**

(PLRA Failure to Exhaust: All claims)

22.

Defendants assert all provisions of the Prison Litigation Reform Act ("PLRA") to Plaintiff's and/or potential class members' claims, including the provisions regarding exhaustion of administrative remedies as set forth at 42 U.S.C. § 1997e.

**SECOND AFFIRMATIVE DEFENSE:**

(Failure to Exhaust Administrative Remedies: All claims)

Page 5 -   ANSWER TO COMPLAINT

23.

Plaintiff's and/or potential class members' claims are barred by the doctrine and statute requiring them to first exhaust administrative remedies and Plaintiff and potential class members have failed to do so, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE:

(Standing / Facts not Particularized to Individual Plaintiffs: All Claims)

24.

Plaintiff and/or potential class members lack standing to bring some or all of these claims.

25.

The allegations of the complaint concern different types of medical conditions, medical devices, and conditions in various prisons.

26.

Additionally, the complaint makes allegations regarding health conditions, medical devices, and living situations that are not applicable to each and every potential class member.

27.

Plaintiff and each potential class member lacks standing to bring allegations or raise issues that do not apply to that individual's particular circumstances.

### FOURTH AFFIRMATIVE DEFENSE:

(Statute of Limitations: All Claims)

28.

Plaintiff's claims were not filed within the limitations period for filing a claim under Title II of the ADA or the Rehabilitation Act.

### FIFTH AFFIRMATIVE DEFENSE:

(Undue burden: ADA Claim)

29.

To the extent that the ADA or Rehabilitation Act would otherwise require Defendants to provide adults in custody with all requested non-medically necessary prosthetic devices and other durable medical equipment, Defendants are excused from those requirements because they would present an undue financial burden on Defendants.

### SIXTH AFFIRMATIVE DEFENSE:

(Qualified Immunity)

30.

Defendants allege that at all times relevant to Plaintiff's Complaint, they were acting in good faith and within their discretion pursuant to the laws and statutes of the State of Oregon and the United States, and Defendants' conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

### JURY TRIAL DEMANDED

31.

Defendants demand a trial by jury in this matter.

**WHEREFORE**, Defendants ask for judgment denying Plaintiff relief and granting Defendants their costs and disbursements.

DATED June  18 , 2021.

>Respectfully submitted,
>
>ELLEN F. ROSENBLUM
>Attorney General
>
>  *s/ Abigail Fallon*
>VANESSA NORDYKE #084339
>Senior Assistant Attorney General
>ABIGAIL FALLON #183364
>Assistant Attorney General
>Trial Attorneys
>Tel (503) 947-4700
>Fax (503) 947-4791
>Vanessa.A.Nordyke@doj.state.or.us
>Abigail.Fallon@doj.state.or.us
>Of Attorneys for Defendants